```
IN THE UNITED STATES DISTRICT COURT FOR THE
         EASTERN DISTRICT OF OKLAHOMA

CHAD MARTIN,                    )
                                )
            Plaintiff,          )
                                )
v.                              )    Case No. CIV-16-174-RAW-KEW
                                )
NANCY A. BERRYHILL, Acting      )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.          )
```

**REPORT AND RECOMMENDATION**

Plaintiff Chad Martin (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on April 16, 1970 and was 45 years old at the time of the ALJ's decision. Claimant completed his high school education and one year of college. He also completed training through the Oklahoma association of electrical co-ops electrical lineman training. (Tr. 180). Claimant has worked in the past as a lineman. Claimant alleges an inability to work beginning October 1, 2012 due to limitations resulting from severe back and leg pain.

**Procedural History**

On March 11, 2014, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On July 22, 2015, Administrative Law Judge ("ALJ") Deirdre Dexter conducted an administrative hearing in McAlester, Oklahoma. On September 22, 2015, the ALJ issued an unfavorable decision. On March 23, 2016, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, he retained the RFC to perform less than a full range of sedentary work.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly consider the treating physician's opinion; (2) failing to properly consider Claimant's credibility; and (3) reaching an RFC that was not supported by substantial evidence.

**Consideration of the Treating Physician's Opinion**

In her decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease status post lumbar fusion with lumbar radiculopathy. (Tr. 15). The ALJ concluded that Claimant retained the RFC to perform less than a full range of sedentary work. In so doing, the ALJ determined Claimant could lift, carry, push, and pull up to five pounds frequently and ten pounds occasionally. He could sit for up to six hours in an eight hour workday, provided there was the option to stand and stretch for up to five minutes after each hour of sitting, without leaving the workstation. Claimant was able to stand and/or walk up to two hours in and eight hour workday. Posturally, the ALJ found Claimant could occasionally climb ramps and stairs, frequently balance, occasionally stoop, and should never kneel, crouch, crawl, or climb ladders, ropes, or scaffolds. (Tr. 16).

After consulting with a vocational expert, the ALJ concluded Claimant could perform the representative jobs of addresser, document preparer, and call-out operator, all of which were found to exist in sufficient numbers in both the regional and national economies. (Tr. 21). As a result, the ALJ found Claimant was not disabled from October 1, 2012 through the date of the decision. (Tr. 22).

Claimant contends that the ALJ failed to properly weigh the opinion of Dr. Thomas H. Conklin, Jr., Claimant's treating

5

physician.  Dr. Conklin completed a medical source statement dated May 4, 2015 which indicates that Claimant could sit for less than two hours and stand/walk for less than two hours.  He also found Claimant could frequently lift/carry less than ten pounds.  His medical findings supporting this position are less than legible.  It is clear, however, that Dr. Conklin believed Claimant's back pain and prior fusion restricted his ability to engage in these activities.  (Tr. 301).

Dr. Conklin also wrote a typed "to whom it may concern" letter dated May 30, 2015 concerning Claimant's treatment and condition.  He stated he treated Claimant for a number of years and that he suffered from failed back syndrome ("FBSS"), which he defined as a patient with persistent or new pain after spinal surgery for back or leg pain.  Dr. Conklin wrote that the condition can cause pain and/or limitations in performing daily activities.  He further wrote that FBSS typically results from structural abnormalities in the back and the cause of the resulting pain is "largely unknown."  According to Dr. Conklin, the condition is "rarely able to be correlated with diagnostic studies or objective testing on exam" but is manifested by "debilitating pain."  Because of pain rated "consistently a 7/10 severity", Dr. Conklin stated that standing, sitting, walking, lifting exacerbates the severity and intensity of Claimant's leg and back pain.  Injections and pain medication did

not provide relief.  Dr. Conklin noted his medical source statement and reiterated his limitations, writing that the statement accurately reflected Claimant's "physical ability to perform work-related activities would be in light of his chronic debilitating back pain as a result of his FBSS and significant osteoporosis." He concluded that the pain would require Claimant to frequently lie down during the day.  (Tr. 303).

The ALJ found that Dr. Conklin's opinion that Claimant could drive was entitled to "great weight".  While acknowledging Dr. Conklin's findings on Claimant's limitations in the ability to sit, stand, and walk, she does not specifically state the weight given to his opinion in this regard.  (Tr. 20).  With regard to the statement found in the May 30, 2015 letter, the ALJ afforded Dr. Conklin's opinion "little weight" because "it is unsupported by the overall record and claimant's statements regarding his daily activities."  He also found Dr. Conklin's opinion that Claimant was required to lie down frequently during the day to be unsupported by the record.  Id.

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight."  Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003).  An ALJ is required to give the

7

opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. §

8

404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

While the ALJ partially rejected Dr. Conklin's opinion, she failed to provide an adequate basis for doing so. She failed to address through a citation to any other evidence in the record why Dr. Conklin's findings in regard to Claimant's FBSS condition should not be afforded controlling weight. Indeed, the ALJ never references the FBSS diagnosis in her decision, which formed the bulk of Dr. Conklin's explanation in the May 30, 2015 correspondence. On remand, the ALJ shall specifically identify the evidence which contradicts Dr. Conklin's findings and address the FBSS condition which he diagosed. Additionally, the ALJ shall set forth and explain the weight given to Dr. Conklin's limitations in sitting, standing, and walking which are apparently inconsistent with her RFC findings. This is especially true given that according to the Commissioner's own policy interpretation, an RFC of less than the

full range of sedentary work reflects "very serious limitations resulting from an individual's medical impairments and is expected to be relatively rare." Soc. Sec. R. 96-9p, 1997 WL 374185 *1 (Jul. 2, 1996).

**Credibility Determination**

The ALJ found that Claimant's testimony of his daily activities "diminish the persuasiveness of his allegations regarding the severity of his pain and associated limitations." She cited to Claimant's statements that he could drive, cook, and perform household chores and walked regularly in 2013. (Tr. 19). In his initial statements to which the ALJ referred, Claimant reported that activities caused him "to (sic) much pain and stifness (sic) if I try or do them" and that he cannot finish projects because of pain and stiffness. If he walked, Claimant reported he had to rest one to seven days thereafter before resuming walking. (Tr. 193). Most of the findings were from 2013 but Claimant admittedly suffered a degradation in his pain and condition. By July of 2014, Claimant's ability to walk distance and length of time were reduced. Testing was terminated because of Claimant's slow pace and antalgic gait with loss of balance. (Tr. 359).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not

just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the

11

ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

The ALJ's credibility conclusions were based upon an incomplete evaluation of Claimant's statements of limitation.  On remand, the ALJ shall re-evaluate Claimant's credibility and consider the linear degradation of his ability to engage in activities of daily living.

### RFC Assessment

Claimant also challenges the ALJ's RFC assessment as not including the true limitations upon Claimant's ability to sit, stand, and walk.  Since the ALJ is required to re-evaluate the opinion of Dr. Conklin and Claimant's credibility, she should also consider the effects of both upon the RFC determination on remand.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings.  The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections,

with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 10th day of May, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE